COHEN et al. v. KABACK.

(Supreme Court, Appellate Term, First Department. May 11, 1915.)

1. BAILMENT ⟨⟩16—CONVERSION—DELAY IN RETURN OF GOODS.
    Where a dyer delayed delivering the goods of the owner, but the delay was not willful, or under such circumstances as to amount to a denial of ownership or of right to possession, the delay was not a conversion of the goods.
    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 51, 58, 60, 65, 84, 95; Dec. Dig. ⟨⟩16.]

2. APPEAL AND ERROR ⟨⟩171—THEORY IN LOWER COURT—NATURE OF ACTION.
    Where it was agreed at the trial that the action was for breach of contract, it must be treated as such on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. ⟨⟩171.]

3. BAILMENT ⟨⟩32—BREACH—DELAY IN DELIVERY.
    In an action for breach of contract by delaying the delivery of goods sent to defendant to be dyed, where the goods were tendered to plaintiff before the trial, the measure of damages is the difference in the value of the goods caused by the delay, and not the full value of the goods, since a judgment for breach of contract would not operate to transfer the title to the defendant.
    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 69, 133; Dec. Dig. ⟨⟩32.]

4. BAILMENT ⟨⟩16—ACTIONS FOR BREACH—DAMAGES—RETURN OF PROPERTY.
    An owner of goods who sent them to be dyed could not, by bringing an action against the dyer before the latter had refused to deliver or return

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

them, preclude the dyer's right to return the goods so as to avoid liability for their full value.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 51, 58, 60, 65, 84, 95; Dec. Dig. ☞16.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacob J. Cohen and others against Abraham Kaback, doing business under the firm name and style of the Artistic Dyeing Company. Judgment for the plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Nathan H. Stone, of New York City, for appellant.

Greenberg & Zimmerman, of New York City, for respondents.

LEHMAN, J. The plaintiffs delivered to the defendant some woolen goods on August 19th. The defendant agreed to dye the goods, and, according to plaintiffs' testimony, to return them within 20 days. For some reason the work of the defendant was delayed, and the plaintiffs thereupon, on September 28th, or 40 days after the goods were delivered, began this action. Thereafter the defendant tendered the goods, but the plaintiffs refused to accept them, and bought other goods. There is no evidence that the goods had deteriorated in value between the date on which they should have been delivered and the date on which they were delivered. The trial justice, however, gave judgment for the sum of $150.

[1-4] The judgment is clearly erroneous unless proper measure of damages in this case is the full value of the goods delivered to the defendants. The complaint sets forth two causes of action, one for breach of contract and one for conversion. While there are undoubtedly cases where a failure to deliver goods may amount to a conversion, I do not think that the present case presents such features. The delay is not shown to have been willful, or under such circumstances as would amount to a claim of ownership in the defendant or any denial of ownership or right to possession in the plaintiffs. In any event, at the trial it was apparently agreed that the action was one for breach of contract, and upon this appeal we must consider it in that light. If the claim was for breach of contract, then clearly the measure of damages is the change in the value of the goods due to the delay. The judgment in an action for breach of contract does not result in any change of ownership, and the plaintiff is therefore not entitled to recover the full value. The plaintiffs by bringing an action within 40 days after delivery, at a time when there was no actual refusal to deliver or return the goods, cannot preclude the defendants from thereafter returning the goods, or impose upon them a liability for their full value.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.